UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EVERETTE L. WALKER,

            Plaintiff,

   v.                                            Case No. 25-CV-1494

BROWN COUNTY
DHS, et al.,

            Defendants.

## ORDER

Currently pending before the court is the Everette L Walker's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.)

Having reviewed Walker's request, the court concludes that Walker lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Walker's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Walker is clearly distressed, but his allegations are difficult to follow. He appears to be suing Brown County Health and Human Services, Brown County Child Protective Services, and a litany of individuals who were involved in the custody

decisions of his children. He seeks $120 million in compensatory and punitive damages. (ECF No. 1 at 17.)

## I. Screening Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A complaint that fails to state a claim upon which relief may be granted is subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards

applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

II. Analysis

As an initial matter, Walker states his intent to file claims "on behalf of myself, my children, as well as Cassandra Luedeman and her children." (ECF No. 1 at 1.) But Walker cannot sue in federal court to enforce someone else's legal rights. *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 746 (7th Cir. 2007); *Massey v.*

*Helman*, 196 F.3d 727, 739 (7th Cir. 1999) ("Among these prudential restrictions is the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party."). And a minor child cannot be represented by a non-attorney, even if the non-attorney is a parent or guardian. *See Tuttle v. Ill. Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."). The court will proceed to analyze the complaint on behalf of Walker only.

Walker principally ties his claims for relief to 42 U.S.C. § 1983, which requires him to identify a person or persons acting under color of state law who violated his federal rights. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Certain aspects of the parent-child relationship are protected under the Fourteenth Amendment's Due Process clause. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022). Specifically, the right to "familial integrity" or "familial relations" includes a parent's interest in the "care, custody, and management" of their children. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022) (citations omitted). Permanently separating children from their parents without notice and hearing is violative of due process. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982).

Thus, Walker may have a plausible due process claim under § 1983, if he can identify the individual personally responsible for the constitutional violation. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022) ("A government official is liable only if he personally caused or participated in a constitutional

deprivation."). Walker must further include specific facts that show the constitutional violations were "through the official's own individual actions." *Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937.

As Walker's complaint currently stands, the court can only speculate about who the defendants are and what they might have done. Although he invokes innumerable claims – retaliation, defamation, violation of due process, to name a few – his conclusory allegations do not substantiate an actionable deprivation of constitutional rights. "An allegation that a group of defendants is liable 'without any details about who did what' does not state a claim for relief." *Milchtein v. Milwaukee Cnty.,* 42 F.4th 814, 824 (7th Cir. 2022) (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)). And "lacking allegations of specific wrongful conduct," the court can't infer liability based solely on the defendants' official roles. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022) ("No matter how closely the three were involved in D.M.'s case, other officials might be the cause of any constitutional violation."). Walker's allegations, "devoid of further factual enhancement," *Iqbal*, 550 U.S. 56, fail to go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Walker will be granted leave to amend, but he should be careful to narrow his focus to specific individuals who personally violated his constitutional rights. He is reminded to support all conclusory allegations with specific facts that give the defendants "fair notice of the claim and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

To the extent he seeks relief from those officially involved in custody proceedings, Walker should also note that several of his claims may not be cognizable under § 1983. Neither Brown County Health and Human Services nor Brown County Child Protective Services are proper parties under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983."); *McCallum v. Ct. of Appeals*, No. 19-CV-415-WMC, 2019 WL 4333315, at *2 (W.D. Wis. Sept. 12, 2019) (noting that Rock County Sheriff's department and Rock County Child Protective Services are not "persons" under § 1983). Guardians ad litem are not state actors and cannot be sued under § 1983. *Bach v. Milwaukee Cty. Circuit Court*, 565 F. App'x 531, 532 (7th Cir. 2014). Social workers pursuing a child-custody case act like a prosecutor and witness, both of whom are entitled to absolute immunity for their actions taken in court. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 825 (7th Cir. 2022). And judges are immune from liability for actions taken in their judicial capacity even if those acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This immunity extends to family court commissioners, "who under Wisconsin law perform duties functionally comparable to those of a judicial officer." *Vaughn v. Fam. Ct. of Kenosha Cnty.*, No. 25-C-1255, 2025 WL 2576404, at *2 (E.D. Wis. Sept. 5, 2025); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999).

Separate from his § 1983 allegations, Walker alleges an apparent violation of the Indian Child Welfare Act's notice requirement. (ECF No. 1 at 16). If an involuntary state court proceeding involves an Indian child, the party seeking the foster care

placement or termination of parental rights shall notify the Indian child's tribe of the pending proceedings and of their right of intervention. 25 U.S.C. § 1912. But it appears the remedy for failing to provide proper notice should be sought in state court. *See* Wis. Stat. § 48.028(6) ("If the court finds that those grounds exist, the court shall invalidate the out-of-home care placement, delegation of powers, or termination of parental rights.").

### III. Conclusion

Walker's complaint fails to show he is entitled to relief pursuant to Fed. R. Civ. P. 8(a)(2). However, Walker is permitted at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, Walker will have thirty days to file an amended complaint that cures the deficiencies identified in this decision. Walker is reminded that his amended complaint does not need to be long and should focus on the specific conduct of the individuals who personally violated his rights.

If an amended complaint is received by the deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If an amended complaint is not received, the court will dismiss this action based on Walker's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** If Walker wishes to proceed with this lawsuit, he must file an amended complaint within thirty days of this order.

Dated at Green Bay, Wisconsin this 17th day of October, 2025.

<u>*s/ Byron B. Conway*</u>
BYRON B. CONWAY
United States District Judge