# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EVERETTE L. WALKER,**

        **Plaintiff,**

    **v.**                                                             **Case No. 25-CV-1494**

**ROSELYNN GREISBACH, et al.,**

        **Defendants.**

## DECISION AND ORDER

In response to this court's prior order, *Walker v. Brown Cty. DHS*, No. 25-CV-1494, 2025 LX 425057 (E.D. Wis. Oct. 17, 2025), Everette L. Walker filed an amended complaint. (ECF No. 6.) Three days later he filed a proposed second amended complaint (ECF No. 7), and three days after that he filed a proposed third amended complaint, which the court accepts as the operative complaint (ECF No. 8). However, the court cautions Walker that this sort of incremental pleading is inappropriate. Any further attempt to amend the complaint must comply with Federal Rule of Civil Procedure 15 and Civil Local Rule 15.

Because the court has granted Walker permission to proceed without prepayment of the filing fee, the court is required to screen the third amended complaint to determine if it is sufficient to proceed. 28 U.S.C. § 1915.

Walker alleges that Roselynn Griesbach (whose surname Walker variously spells as Greisbach and Greasebach), Lauren M. Krukowski, Mark Sidel, Danielle Cornelious, and Kevin Brennan, were employees of Brown County Child Protective Services who violated Walker's rights under the First, Fourth, and Fourteenth Amendments as well as the Indian Child Welfare Act (ICWA) and the Federal Tort Claims Act (FTCA), in their actions related to the removal of Walker's children from his custody. He seeks compensation of $120,000,000.00. (ECF No. 8.)

A county official's removal of a child from the care of a parent may constitute a seizure under the Fourth Amendment. *Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011). If such a seizure is not supported by a lawful basis—*e.g.*, a court order, probable cause, or exigent circumstances—it may be unlawful and support a claim under 42 U.S.C. § 1983. *See Xiong v. Wagner*, 700 F.3d 282, 289-90 (7th Cir. 2012); *Hernandez*, 657 F.3d at 474-75. The removal of a child from a parent may also violate the right to familial integrity recognized under the Fourteenth Amendment. *Id.* at 291. And the due process clause requires that a parent be afforded a prompt and fair means of challenging a child's removal. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1021 (7th Cir. 2000).

However, the ICWA does not provide a cause of action for damages. *Black Bear v. Wickre*, No. 5:24-CV-05065-RAL, 2025 U.S. Dist. LEXIS 63613, at *11 (D.S.D. Mar. 20, 2025) (citing *Fletcher v. State*, 858 F. Supp. 169, 173, 8 Fla. L. Weekly Fed. D 251 (M.D. Fla. 1994)); *Luther v. Okla. ex rel. OK Dep't of Hum. Servs.*, No. CIV-25-279-J, 2025 U.S. Dist. LEXIS 76809, at *16 (W.D. Okla. Apr. 2, 2025) (citing cases).

Nonetheless, Walker seeks "injunctive relief prohibiting further unlawful removal of Plaintiff's children." (ECF No. 8 at 8.) Such relief is plausibly within the scope of the ICWA.

The Federal Tort Claims Act has no relevance in this action. The FTCA applies to actions against the federal governments and its employees. *See* 28 U.S.C. § 1346. No defendant is alleged to have been an employee of the federal government.

Turning to the individuals Walker names as defendants, he alleges that while he was in jail on June 2, 2025, Griesbach unlawfully took custody of Walker's children. (ECF No. 8, ¶¶ 5, 9.) She visited Walker in jail along with a representative of the Oneida tribe and "forced" Walker to sign a medical consent for his children. (ECF No. 8, ¶ 5.) She also failed to timely file the removal paperwork. (ECF No. 8, ¶ 10.) Walker's children "were unlawfully held without proper judicial oversight" for four months. (ECF No. 8, ¶ 11.)

Seidl was Griesbach's supervisor who Walker contacted on June 5, 2025, but did not speak to until June 10, 2025. (ECF No. 8, ¶ 6.) Seidl rejected Walker's request that Seidl release Walker's children and instead said that he was going to move forward with court proceedings. (ECF No. 8, ¶ 6.)

Walker's allegations with respect to Krukowski and Cornellious are unclear. Walker says that Krukowski pretended to be Griesbach's supervisor, and he goes on to describe an interaction with Krukowski where she asked "the same repetitive taunting question." (ECF No. 8, ¶ 7) He then says he "spoke out against" Cornellious in 2022, which resulted in him being jailed. (ECF No. 8, ¶ 7.)

Walker also refers to the defendants collectively and alleges that they "engaged in acts of retaliation" "including efforts to interfere with custody and adoption proceedings" (ECF No. 8, ¶ 12) and conspired to deprive him of his constitutional and statutory rights (ECF No. 8, ¶ 13.)

The third amended complaint lacks any allegations as to what Brennan allegedly did. Therefore, the court will dismiss Brennan as a defendant.

The court cannot discern any plausible claim against Krukowski or Cornellious. To state a plausible constitutional claim, a complaint must do more than identify causes of action. It must state what each defendant allegedly did that violated the law. This does not require a lot of detail, but it does require more than just a bald assertion that the defendant violated the law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted). The details that Walker provides about them are both unclear and conclusory and do not add up to a plausible claim for relief. The court will dismiss Krukowski and Cornellious as defendants.

Walker's allegations against Seidl amount to simply that he was Griesbach's supervisor and he did not acquiesce to Walker's demands that he return Walker's children. Instead, according to Walker, Seidl stated that he was going to move ahead with judicial proceedings. (ECF No. 8, ¶ 6.)

4

A supervisor is not liable for the constitutional torts of a subordinate but rather must be personally involved in the violation. *See Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 824 (7th Cir. 2022). That Seidl allegedly allowed the judicial process to continue does not plausibly give rise to a claim under the superficial allegations presented in the third amended complaint. Therefore, the court will dismiss Seidl as a defendant.

As to Griesbach, Walker alleges that she was the one who personally removed Walker's children and is the one directly responsible for having denied him due process. The third amended complaint is light on detail, but the court finds that, under the circumstances, those details are sufficient to proceed beyond this preliminary stage with respect to claims under the Fourth and Fourteenth Amendments, as well as a claim for equitable relief under the ICWA. *Cf. Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (noting that the factual detail required depends on the complexity of the claim). The court, however, cannot identify any plausible claim under the First Amendment against Griesbach. Walker refers to alleged "retaliation" (ECF No.7, ¶ 12), which the court presumes is the basis for his First Amendment claim. However, the details as to this alleged retaliation, specifically what Griesbach allegedly did and how it allegedly violated the First Amendment, are not sufficiently stated. Therefore, insofar as Walker sought to allege any First Amendment claim against Griesbach, it will be dismissed.

**IT IS THEREFORE ORDERED** that all defendants other than Roselynn Griesbach are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that any claim under the Federal Tort Claims Act or the First Amendment is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendant. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Clerk of Court
> Jefferson Court Building
> 125 S. Jefferson St - Room 102
> Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 2nd day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
