# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EVERETTE L. WALKER,

      Plaintiff,

    v.                                **Case No. 25-CV-1494**

ROSELYNN GRIESBACH, et al.,

      Defendant.

## ORDER

Everette L. Walker, representing himself, filed this action against several individuals who he alleges were involved in removing his children from his custody. The court previously screened his third amended complaint (ECF No. 8) and allowed Walker to proceed on claims against Roselynn Griesbach under the Fourth and Fourteenth Amendments, as well as a claim for equitable relief under the Indian Child Welfare Act (ICWA) (ECF No. 9). All other named defendants were dismissed without prejudice.

The parties held a scheduling conference on March 4, 2026, at which Walker expressed his intent to file another amended complaint. (ECF No. 24.) The court thus set a deadline for him to do so by. Walker has since filed a fourth amended complaint, expounding on his claims and attempting to add previously dismissed defendants.

(ECF No. 26.) Griesbach now moves for the court to screen the amended complaint (ECF No. 27), which the court will grant by doing so under 28 U.S.C. §1915(e)(2).

28 U.S.C. § 1915(e), which applies to *in forma pauperis* proceedings, directs district courts to dismiss an action at any time if the court finds that it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Walker is proceeding *in forma pauperis*; thus this statute applies to this case. To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court must dismiss a complaint— all of it, or just part of it—if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

Walker's fourth amended complaint incorporates both claims and defendants that this court previously dismissed here and in a different suit. *See Walker v. Hobart Police Dep't*, No. 25-CV-1493, 2025 LX 475303 (E.D. Wis. Oct. 17, 2025). His new and renewed allegations include retaliation, unlawful arrest and false imprisonment, unconstitutional seizure and removal of Walker's children, falsification of medical records, and unauthorized sharing of confidential information. (ECF No. 26 at 1.) He brings the bulk of his claims under 42 U.S.C. §1983, which limits liability to

individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009).

As discussed in an earlier order, a county official's removal of a child from the care of a parent may constitute a seizure under the Fourth Amendment. *Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011). If such a seizure is not supported by a lawful basis—*e.g.*, a court order, probable cause, or exigent circumstances—it may be unlawful and support a claim under 42 U.S.C. § 1983. *See Xiong v. Wagner*, 700 F.3d 282, 289-90 (7th Cir. 2012); *Hernandez*, 657 F.3d at 474-75. The removal of a child from a parent may also violate the right to familial integrity recognized under the Fourteenth Amendment. *Id.* at 291. And the due process clause requires that a parent be afforded a prompt and fair means of challenging a child's removal. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1021 (7th Cir. 2000).

Walker alleges that he was arrested without probable cause and unlawfully detained by Officers Kola, Cambbray, and Peters. (ECF No. 26 at 2.) But the lack of additional details does not give the officers "fair notice of the claim and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Walker has not pled any facts that show the officers lacked probable cause. *See Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). Nor does he state any facts beyond the conclusory allegation that defendants engaged in "first amendment retaliation." (ECF No. 26 at 3.) Consequently, Officers Kola, Cambbray, and Peters will be dismissed as defendants.

The court will also dismiss Lauren Krukalski[1] as a defendant. Walker states that Krukalski initiated the CPS action without lawful basis and participated in retaliatory custody actions, but again he provides no other facts to support his allegations. (ECF No. 26 at 4.) As explained in an earlier screening, stating a plausible constitutional claim requires more than just a bald assertion that the defendant violated the law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Walker's allegations against Krukalski are conclusory and do not amount to a plausible claim for relief. Walker's claim that Danielle Cornelius was involved in his false imprisonment and the removal of his children must be dismissed for the same reason; his bald assertions do not state plausible claims absent additional details.

Walker further alleges that Heather Lee, in a "supervisory" role, knew of the ICWA violations and failed to intervene. (ECF No. 26 at 4.) Similarly, Walker alleges that Julie King and Brittany Schmidt were present during the "notification of violations" and failed to act. (ECF No. 26 at 4.) To be personally liable for the constitutional tort of a subordinate, the supervisor must knowingly facilitate, approve, or condone the violation. *See Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 824 (7th Cir. 2022). The court previously did not allow Walker to proceed on the same claim under similarly superficial allegations; it will do the same here given his allegations are just as conclusory. *See, e.g., Bostic v. Murray*, 160 F.4th 831, 842 (7th Cir. 2025) (explaining that plaintiff "must show that the official made a deliberate decision that allowed a constitutional violation to take place"); *see also Stallings v.*

---

[1] In an earlier complaint, Walker named "Lauren M. Krukowski" as a defendant. The court assumes "Lauren Krukalski" is the same defendant.

*Whitlock*, No. 1:24-cv-013337, 2026 LX 179994, at *11 (N.D. Ill. Mar. 30, 2026) ("The complaint only provides conclusory allegations that Defendant Officers were present during Officer Whitlock's search of [Plaintiff] and failed to intervene, without pleading any specific facts about what the other Defendant Officers were doing.").

Seperately, Walker alleges that Cornelius falsified his drug test "to fabricate grounds for punitive action." (ECF No. 26 at 3.) To the extent Walker alleges that Cornelius falsified a drug test to remove his children and deprive him of his parental rights, he has stated Fourth and Fourteenth Amendment claims at this preliminary stage. *See, e.g., Young v. Sproat*, No. 15-3332, 2015 U.S. Dist. LEXIS 164443, at *8 (C.D. Ill. Dec. 8, 2015) (finding that plaintiff stated a deprivation of a constitutional right to familial integrity when alleging defendant lied about plaintiff failing a drug test).

Walker may also proceed with his claims against Roselynn Griesbach for violations of the Fourth and Fourteenth Amendments. Although his allegations remain light on detail, he states that she "shared private information" that "exacerbated" the removal and maintains that Griesbach is the "primary party responsible for the unwarranted removal of plaintiffs children." (ECF No. 26 at 4.) His allegations against Griesbach are sufficiently stated at this stage of litigation. *See, e.g., Ramsey v. Glaser*, No. 1:18-cv-01543-JMS-TAB, 2018 U.S. Dist. LEXIS 172430, at *32-33 (S.D. Ind. Oct. 5, 2018) (holding that despite plaintiff's "meager" allegations, alleging that the case manager responsible for the child's removal and who provided false statements to warrant continued removal met minimal notice

pleading standard). Walker's attempt to invoke the Heath Insurance Portability and Accountability ACT (HIPAA), however, must be dismissed; the statute does not create a private right of action. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *see also Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 824 (7th Cir. 2022) ("We cannot reasonably infer that [defendant] violated the [plaintiffs'] right to familial integrity or free exercise of religion just by authorizing the release of [child's] records.").

Finally, Walker alleges his children were removed without honoring ICWA's notice requirement and seeks injunctive relief to prevent further removal. (ECF No. 26 at 3.) Despite ICWA not providing a cause of action for damages, his request for injunctive relief "is plausibly within the scope of ICWA." *Walker v. Greisbach*, No. 25-CV-1494, 2025 LX 506879, at \*2 (E.D. Wis. Dec. 2, 2025). Thus, he may also proceed with his claim for equitable relief under the ICWA against Cornelius and Griesbach.

**IT IS THEREFORE ORDERED** that all defendants other than Roselynn Griesbach and Danielle Cornelius are **dismissed without prejudice**. Walker may proceed with his claims against Griesbach and Cornelius for violations of the Fourth and Fourteenth Amendments as well as a claim for equitable relief under the ICWA.

**IT IS FURTHER ORDERED** that copies of plaintiff's fourth amended complaint and this order are being electronically sent to counsel for defendant Roselynn Griesbach.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy

of the fourth amended complaint, a waiver of service form and/or the summons, and this order upon defendant Danielle Cornelius. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 21st day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

8